IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 14 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01425-BNB

JESUS RODRIGUEZ,

    Applicant,

v.

WARDEN GREEN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Jesus Rodriguez, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Rodriguez initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Rodriguez is challenging the validity of the sentence he is serving as a result of his conviction in Pueblo County District Court case number 91CR1071.

On July 8, 2010, Magistrate Judge Craig B. Shaffer ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On July 30, 2010, Magistrate Judge Boyd N. Boland entered an order granting Respondents' Motion for Leave to File Motion to Dismiss limited to addressing the affirmative defense of timeliness. On August 5, 2010, Respondents filed a Motion

to Dismiss Application for Writ of Habeas Corpus. On August 30, 2010, Mr. Rodriguez filed a response to the motion to dismiss.

The Court must construe the application and other papers filed by Mr. Rodriguez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will grant the motion to dismiss and dismiss the action as untimely.

Following a jury trial, Mr. Rodriguez was convicted in 91CR1071 of possession of a schedule II controlled substance by a special offender. *See People v. Rodriguez*, No. 09CA0614 (Colo. App. Jan. 14, 2010) (unpublished order denying Rule 35 motion) (Doc. #2 at pp.13-17). Following the reversal of Mr. Rodriguez' adjudication as an habitual offender on direct appeal, the trial court held a new sentencing hearing and imposed a sentence of twenty-five years in prison. (*See* Doc. #2 at p.14.) The sentence on remand was imposed on June 25, 1997. (*See* Doc. #13-1 at p.2.) The documentation submitted by Respondents indicates that Mr. Rodriguez did not file a new appeal after the resentencing on June 25, 1997. (*See* Doc. #13-1 at p.9.)

In the instant action, Mr. Rodriguez is challenging the sentence imposed by the trial court on June 25, 1997. Although his specific claims are difficult to understand, Mr. Rodriguez apparently claims that he could not be sentenced as a special offender after his adjudication as an habitual offender was reversed because his status as a special offender was premised on the same conviction that supported the adjudication as an

habitual offender. Mr. Rodriguez contends that he should have been sentenced in the presumptive range of four to eight years.

Respondents argue in their motion to dismiss that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents specifically contend that, although Mr. Rodriguez filed several state court postconviction motions after the resentencing in June 1997, this

action is time-barred because no postconviction motion was pending in state court between October 2001 and May 2005.

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Rodriguez' conviction became final. Because Mr. Rodriguez did not file a direct appeal following his resentencing on June 25, 1997, the conviction and sentence became final when the time for filing a direct appeal expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Rodriguez had forty-five days to file a notice of appeal after he was resentenced on June 25, 1997. Therefore, the Court finds that the conviction and sentence were final on August 11, 1997.[1]

The Court also finds that the one-year limitation period began to run on August 11, 1997 because Mr. Rodriguez does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and there is no indication that he did not know and could not have discovered the factual predicate for his claims before his conviction became final. See 28 U.S.C. § 2244(d)(1)(B) - (D).

Respondents concede that Mr. Rodriguez filed a postconviction motion that tolled the one-year limitation period pursuant to § 2244(d)(2). However, Respondents are correct that, if no properly filed postconviction motion was pending in state court between October 2001 and May 2005, a period that exceeds one year, the instant action may be time-barred.

---

[1] The forty-fifth day after June 25, 1997 was Saturday, August 9, 1997. Therefore, the filing deadline extended until Monday, August 11, 1997. See C.A.R. 26(a).

4

Mr. Rodriguez does not dispute Respondents' assertion that no properly filed postconviction motion was pending in state court for a period in excess of one year. Instead, construing his response to the motion to dismiss liberally, Mr. Rodriguez apparently argues that this action is not time-barred because a postconviction motion to correct an illegal sentence that he filed in January 2009, in which he raised the claims that he now is pursuing in this Court, was timely under state law. However, the fact that the January 2009 postconviction motion may have been timely under state law does not trigger a new one-year limitation period for the purposes of a habeas corpus action in federal court.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if Mr. Rodriguez shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). Of course, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, in order to demonstrate he pursued his claims diligently, Mr. Rodriguez must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Rodriguez fails to allege any facts that might justify equitable tolling of the one-year limitation period. He does not allege that he has been pursuing his claims diligently or that some extraordinary circumstance prevented him from filing the instant action in a timely manner. Therefore, the application will be denied as barred by the one-year limitation period. Accordingly, it is

ORDERED that Respondents' Motion to Dismiss Application for Writ of Habeas Corpus filed on August 5, 2010 is granted. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 14th day of September, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01425-BNB

Jesus Rodriguez
Prisoner No. 81701
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Ryan A. Crane
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/14/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk